Maria Crimi Speth (012574)
Laura A. Rogal (025159)
**JABURG & WILK, P.C.**
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
mcs@jaburgwilk.com
lar@jaburgwilk.com
(602) 248-1000

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Escobedo, an individual, | Case No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| THQ Inc., a Delaware corporation, | |
| Defendant. | |

Jaburg & Wilk, P.C.
Attorneys At Law
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

For his Complaint, Plaintiff Christopher Escobedo alleges as follows:

1. Plaintiff CHRISTOPHER ESCOBEDO is a citizen of, and domiciled in, the State of Arizona.

2. Defendant THQ INC. ("THQ") is a Delaware corporation with its principal place of business in Agoura Hills, California.

3. This is a civil action seeking monetary damages for various acts of copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 et seq.).

4. This Court has jurisdiction under 17 U.S.C. § 101 et seq. (copyright); 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright).

5. Venue in this District is proper under 28 U.S.C. §§ 1391(b) and (c), and/or 28 U.S.C. § 1400(a). A substantial part of the acts of infringement complained of

occurred in this District, and the corporate Defendant is subject to personal jurisdiction in this District.

6. Personal jurisdiction in this District is proper because defendant, engaged in acts of copyright infringement within the District of Arizona, and/or intentionally directed tortious conduct at Plaintiff knowing such conduct would cause harm within this District.

7. Personal jurisdiction in this District is proper because defendant regularly and continuously does business in this jurisdiction and, during relevant time periods, had a studio in Arizona.

## MR. ESCOBEDO AND THE "LION TATTOO"

8. Tattoos that involve artistic expression are art.

9. Plaintiff Chris Escobedo is tattoo artist based in Phoenix, Arizona.

10. Mr. Escobedo's tattoo work is highly regarded.

11. The works of Mr. Escobedo are well known both within the tattoo community, as well as by the general public, due to the quality of his art.

12. Mr. Escobedo is the artist who, in July 2009, applied a large tattoo of a lion to the right ribcage of professional mixed martial artist Carlos Condit (the "Lion Tattoo").

13. Mr. Escobedo drew the Lion Tattoo on paper before tattooing it on Carlos Condit's body.

14. Mr. Escobedo is the original creator of the artwork which comprises the Lion Tattoo.

15. Mr. Escobedo was the sole designer, sketcher, and tattoo artist of the Lion Tattoo.

16. Mr. Escobedo is the lawful owner of a federal copyright issued by the United States Copyright Office, Certificate of Registration No. VAu001094747 dated February 24, 2012, for the materials entitled "Lion Tattoo."

17. Carlos Condit is presently the interim Ultimate Fighting Championship ("UFC") Welterweight Champion.

18. Mr. Condit has earned the nickname "The Natural Born Killer" while amassing twenty-six finishes – thirteen knockouts, thirteen submissions – out of twenty-eight total career victories in the UFC.

19. Along with his popularity inside the octagon, Mr. Condit himself has become a well-recognized sports figure.

## **THQ AND THE "LION TATTOO"**

20. THQ is in the business of developing and publishing content for gaming systems.

21. It touts itself as "a leading worldwide developer and publisher of interactive entertainment software."

22. THQ is a publicly traded company.

23. THQ is quite popular, with more than 6,000,000 "likes" on its Facebook page, more than 440,000 followers on Twitter, and nearly 180,000 subscribers to its YouTube channel.

24. According to communications made by THQ to its investors, THQ attempts to distinguish itself from other game creators "[b]y putting artists first."

25. THQ created the game UFC Undisputed 2010.

26. Mr. Condit was added as a character to the UFC Undisputed 2010 game in or around May 2010.

27. UFC Undisputed 3, the follow-up feature to the UFC Undisputed 2010 game, was released on February 14, 2012 for Xbox360 and PlayStation 3.

28. Both the UFC Undisputed 2010 game and the UFC Undisputed 3 game feature a computer generated depiction of Mr. Condit, including an exact reproduction of the Lion Tattoo.

29. Each of the UFC games permits the player to choose a fighter. Among the options of fighters which can be chosen by the player is Mr. Condit's character.

Jaburg & Wilk, P.C.
Attorneys At Law
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

16290-1/LAR/LAR/1028010_v1

30. If the player chooses Mr. Condit's character, the game loads the character and launches an opening screen in which Mr. Condit is introduced and featured.

31. In that opening scene, an unauthorized copy of the Lion Tattoo is prominently displayed while Mr. Condit's character moves around the ring.

32. The game then begins and the players fight for the three rounds, each lasting five minutes, and typically containing a "signature moment" of the chosen fighter.

33. During each round of fighting, an unauthorized copy of the Lion Tattoo is prominently featured for nearly the entire duration of the round.

34. In between the three rounds, while the Carlos Condit character is in his corner, the unauthorized copy of the Lion Tattoo is prominently displayed.

35. Following the three rounds of play, the UFC game generates replays of the fight that prominently features the unauthorized copy of the Lion Tattoo.

36. In connection with playing the game, THQ gives players permission and technology to make a highlight reel of the fight and post it online.

37. Thus, THQ permits users to download, copy and publicly distribute additional copies of the unauthorized copy of the Lion Tattoo.

38. The UFC Undisputed 3 website, prominently displays an unauthorized copy of the Lion Tattoo, referring to the following as a "signature moment":



16290-1/LAR/LAR/1028010_v1

39. The UFC Undisputed games were mass marketed and available for sale world-wide with a retail price of $59.99 when they were first released.

40. Upon information and belief, according to www.vgchartz.com, as of November 3, 2012, the UFC Undisputed 3 game has sold approximately 666,000 copies:



## COUNT ONE

### (Copyright Infringement)

41. Plaintiff reasserts and realleges all preceding paragraphs as if set forth in full below.

42. Mr. Escobedo owns a valid copyright in the Lion Tattoo.

43. The rights afforded to tattoo artists under the Copyright Act include the exclusive right to reproduce and distribute the tattoo, and also to create new derivative works of the tattoo.

16290-1/LAR/LAR/1028010_v1

44. Mr. Escobedo never assigned the copyrights to the Lion Tattoo to any one, including Mr. Condit.

45. Mr. Escobedo impliedly licensed Mr. Condit to publicly display the Lion Tattoo on his body, including at UFC fights and other UFC-sanctioned events.

46. Mr. Escobedo did not authorize Mr. Condit, or any other party, to copy or make a graphic representation of the Lion Tattoo.

47. The UFC Undisputed 3 video game contains unauthorized reproductions of the Lion Tattoo placed on the Carlos Condit character.

48. Artists employed by THQ recreated the Lion Tattoo on the Carlos Condit character in the UFC Undisputed 3 video game.

49. THQ has violated Mr. Escobedo's exclusive rights under 17 U.S.C. § 106(1) (direct copying) by copying the Lion Tattoo without Mr. Escobedo's permission.

50. THQ has violated Mr. Escobedo's exclusive rights under 17 U.S.C. § 106(2) (derivative works) by creating a derivative work from the Lion Tattoo without Mr. Escobedo's permission.

51. THQ has violated Mr. Escobedo's exclusive rights under 17 U.S.C. § 106(3) (distribution) by distributing the Lion Tattoo without Mr. Escobedo's permission.

52. THQ has violated Mr. Escobedo's rights under 17 U.S.C. § 106(5) (display) by publicly displaying the Lion Tattoo without Mr. Escobedo's permission.

53. Mr. Escobedo is informed and believes that the foregoing acts of infringement have been willful, intentional, and in disregard of and with indifference to the rights of Mr. Escobedo.

54. THQ's infringing activities were not authorized by Mr. Escobedo and were performed without his knowledge, consent, or permission.

55. THQ's infringing activities were and are done for THQ's financial gain.

56. THQ continued its infringing activities after receiving notice of the infringement.

16290-1/LAR/LAR/1028010_v1

57. THQ's infringement of Mr. Escobedo's copyright has caused him actual damages.

58. As the result of THQ's infringement of Mr. Escobedo's exclusive rights, he is entitled to recover from THQ actual damages pursuant to 17 U.S.C. § 504(b), along with any profits of THQ that are attributable to the infringement.

WHEREFORE, Plaintiff Chris Escobedo requests that Judgment be entered against Defendant THQ, Inc. as follows:

A. For an order directing THQ to account to Mr. Escobedo for all gains, profits and advantages derived by them by their wrongful conduct, and to disgorge all profits obtained by their wrongful conduct;

B. For an award of actual damages and THQ's profits for infringement of the Lion Tattoo in the maximum amount permitted by law, including 17 U.S.C. § 504; and

C. For all other relief as the Court may deem proper and just.

DATED this 16th day of November, 2012.

**JABURG & WILK, P.C.**

/s/Maria Crimi Speth
Maria Crimi Speth
Laura A. Rogal
Attorneys for Plaintiff

16290-1/LAR/LAR/1028010_v1